UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GHOLAMREZA MALEKPOUR,<br><br>    Plaintiff,<br><br> v.<br><br>ENVIRONMENTAL PROTECTION AGENCY and NAPCA,<br><br>    Defendants. | CASE NO. C11-2143MJP<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

  This matter comes before the Court on Defendants' two motions to dismiss. (Dkt. Nos. 17 and 20.) Having reviewed the motions, the response (Dkt. Nos. 22, 23), the reply (Dkt. No. 24), the surreply (Dkt. No. 25), and all related papers, the Court GRANTS both motions and DISMISSES this action.

### Background

  Plaintiff Gholamreza Malekpour sues the United States Environmental Protection Agency ("EPA") and National Asian Pacific Center on Aging ("NAPCA") for failing to provide him a safe workplace and for what appear to be a civil rights claim based on discrimination.

1  (Dkt. No. 1 at 27-30.) Although Malekpour lists three separate claims of negligence, they are
2  essentially the same claim for negligent maintenance of the workplace. He brings them against
3  the EPA under the Federal Tort Claims Act ("FTCA"), and invokes the Court's supplemental
4  jurisdiction over the common law negligence claims against NAPCA. (Complaint (Dkt. No. 1)
5  ¶¶ 3, 10.) Construed liberally, the complaint appears to contain a claim for discrimination in
6  violation of unspecified civil rights laws, but the detail is limited. (See Compl. ¶¶ 40, 41, 42,
7  58.) In a motion to appoint counsel Malekpour has stated that he "seeks relief under federal
8  statutes protecting civil rights," but that "[t]his is **not** . . . an employment discrimination action
9  brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq." (Dkt. No. 4
10 at 3 (emphasis in original).) The nub of Malekpour's complaint is that his supervisors were
11 verbally abusive to him to the extent that he suffered emotional and physical harm. He claims
12 that this was also the result of discrimination against him on the basis of his age and national
13 origin.

14      Malekpour is a 76-year old aerospace engineer who provided technical assistance to the
15 EPA under the Senior Environmental Employee (SEE) Program. (Compl. ¶¶ 1, 6.) The SEE
16 authorized the EPA to enter into a cooperative agreement with NAPCA whereby NAPCA could
17 help place those over the age of fifty-five with EPA to provide technical assistance on projects
18 for pollution prevention, abatement, and control. (Id. ¶ 6.) Malekpour alleges that EPA was
19 responsible for handling the "day to day direction of plaintiff and 'NAPCA' assume[d]
20 responsibility for administrative oversight and processing of paperwork associated with travel,
21 training reimbursement and payroll." (Id. ¶ 7.) He also alleges EPA and NAPCA "retained
22 express and/or actual control over the workplace environment and/or the method of work,
23 including safety of employees, such as Plaintiff." (Id. ¶ 14.) However, Plaintiff worked within
24

1   the EPA's building and does not allege any facts supporting the assertion that NAPCA controlled

2   the workplace environment or his job duties.  At most, he alleges that one NAPCA

3   representative, Lois Kohashi-Sinclair, was present during a meeting between Malekpour and his

4   EPA supervisors to help settle his grievances.  (Id. ¶ 57.)

5         In a declaration, Kohashi-Sinclair states NAPCA coordinates and maintains the records

6   of individuals that it helps place with the EPA. (Kohashi-Sinclair Decl ¶ 6.)  This includes

7   maintaining records of SEE enrollee payroll, enrollee benefits time sheets, travel expenses, and

8   other expenses.  (Id.)  According to Kohashi-Sinclair, NAPCA "does not maintain, or have the

9   right to maintain, control over the workplace at the EPA," and "does not assign work to the

10  participants, manage the general operations at the EPA, have the authority to make

11  administrative or policy changes at the EPA or oversee the day-to-day activity at the EPA."  (Id.

12  ¶ 8.)  She further declares that SEE enrollees, such as Plaintiff, may bring employment disputes

13  to the EPA monitor and the SEE Program representative, and file an appeal to the NAPCA

14  Project Director.  (Id. ¶ 12.)

15        Malekpour alleges Michael Sibley, his supervisor at the EPA, verbally abused and

16  demeaned him because he disagreed with Malekpour's warnings that a database had been

17  compromised.  Malekpour alleges the database he maintained was being corrupted by a newly

18  hired EPA employee and that his managers willfully disregarded this fact. (Compl. ¶¶ 20-22.)

19  He also believed that this new employee was hired to essentially replace him. (Id. ¶ 19.)

20  Michael Sibley met with Malekpour several times, often with others present, and allegedly

21  verbally abused and demeaned Malekpour and discriminated against him.  This abuse was

22  allegedly so severe that he suffered neuralgia—an inflammation of his nervous system—and he

23  was forced to take time off of work to deal with the physical and emotional pain.  (Id. ¶¶ 46-48.)

24

1 | Malekpour also incurred medical expenses from the episode. He claims that this abuse was also
2 | racially motivated and was discriminatory intimidation. (See id. ¶ 45.)
3 |     NAPCA and the EPA now seek dismissal of all claims.

**Analysis**

A.   NAPCA's Motion

    NAPCA correctly moves for summary judgment on the theory that it cannot be liable for failing to provide a safe working environment.

    1.   Standard

    NAPCA moves for dismissal, or in the alternative, summary judgment. Because the Court considers the declaration of Kohashi-Sinclair, which is not referenced in the complaint, the Court considers the motion as a motion for summary judgment.

    On a motion for summary judgment, the Court views the underlying facts in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show the absence of a genuine issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

    2.   Negligence

    Malekpour has failed to allege a viable claim of negligence against NAPCA.

For NAPCA to be held liable for failing to provide Malekpour a safe working environment, there must be evidence it employed Malekpour or retained sufficient control over the manner in which he performed his work at the EPA. An employer has a positive duty to furnish its employees with a reasonably safe place to work. McCarthy v. Dep't of Soc. & Health Servs., 110 Wn.2d 812, 818 (1988). "The standard of care to be exercised by the employer is to take the precaution of an ordinarily prudent person in keeping the workplace reasonably safe." Id. A party may be liable for the workplace safety of someone who is not its employee if it retains the right to direct the manner in which the work is performed. Kamla v. Space Needle Corp., 147 Wn.2d 114, 121 (2002).

Malekpour's negligence claim fails because he has not established he was an employee of NAPCA or that NAPCA retained any control over the conditions of his employ through SEE Program. In his complaint, Malekpour alleges that NAPCA retained express or actual control over his workplace environment and his safety. (Compl. ¶ 14.) He provides no facts to sustain this legal conclusion. He alleges that NAPCA only helped him be placed through the SEE program with the EPA and that Kohashi-Sinclair was present at only one of the meetings he had with his EPA supervisors. The balance of the remaining allegations show that the EPA, not NAPCA, was responsible for handling the "day to day direction of plaintiff and 'NAPCA' assume[d] responsibility for administrative oversight and processing of paperwork associated with travel, training reimbursement and payroll." (Id. ¶ 7.) Kohashi-Sinclair confirms this allegation, stating that not only did NAPCA not control the work environment, Malekpour's job duties, or his supervision. (Kohashi-Sinclair Decl. ¶ 8.) Malekpour has provided no facts to rebut this declaration. On this record, there are no facts supporting the allegation that NAPCA retained control over the environment or manner in which Malekpour worked. See Kamla, 147

1 | Wn.2d at 121.  The Court finds that NAPCA had no duty regarding Malekpour's working

2 | conditions, and GRANTS the motion for summary judgment on the negligence claim.

3 |     3.     <u>Employment Discrimination</u>

4 |     The Court notes that NAPCA moves for dismissal of what it believes to be Malekpour's

5 | claim for employment discrimination in violation of 42 U.S.C. § 2000e.  The Court does not find

6 | Malekpour to have asserted such a claim.  Malekpour's motion to appoint counsel makes quite

7 | clear that "[t]his is **not** . . . an employment discrimination action brought under Title VII of the

8 | Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq."  (Dkt. No. 4 at 3 (emphasis in original).)

9 | The Court does not address NAPCA's arguments on this issue, as it finds Malekpour has not

10 | pursued this specific claim.  The Court separately addresses Malekpour's possible Civil Rights

11 | claims below.

12 | B.    <u>The EPA's Motion</u>

13 |    The United States seeks dismissal of the negligence claims against it on the grounds that

14 | Malekpour failed to exhaust his administrative remedies, as required by the Federal Tort Claims

15 | Act ("FTCA").  The Court agrees.

16 |    1.     <u>Standard</u>

17 |    On a motion to dismiss, the Court must accept the material allegations in the complaint as

18 | true and construe them in the light most favorable to Plaintiff.  <u>NL Indus., Inc. v. Kaplan</u>, 792

19 | F.2d 896, 898 (9th Cir. 1986).  A motion to dismiss filed pursuant to Rule 12(b)(6) tests the

20 | sufficiency of the complaint.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  "To survive a

21 | motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

22 | claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)

23 | (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 570 (2007)).  The plaintiff must provide

24 |

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

    2.    FTCA Claim

Generally, the federal government cannot be sued "[u]nless Congress enacts legislation that subjects the federal government to tort liability." Marley v. United States, 567 F.3d 1030, 1034 (9th Cir. 2010). The FTCA "'waives the sovereign immunity of the United States for actions in tort' and 'vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees.'" Valadez–Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) (quoting Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992)). However, before an individual may pursue an action against the United States in federal district court, the individual "must seek an administrative resolution of [his] claim." Jerves, 966 F.2d at 518. The administrative claim requirement under the FTCA is "jurisdictional by nature and may not be waived." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1253 (9th Cir. 2006). Therefore, an individual first must pursue an administrative claim and receive a final denial of that administrative claim before the federal district court has jurisdiction to hear that individual's claim under the FTCA. 28 U.S.C. § 2675(a). The plaintiff may exhaust his claim by filing a Standard Form 95 or equivalent that includes a demand for a sum certain that describes the injury with enough specificity for the agency to investigate the claim. See GAF Corp. v. United States, 818 F.2d 901, 919 (D.C. Cir. 1987); 28 C.F.R. § 14.2(a).

Malekpour has failed to provide sufficient allegations of exhaustion to survive dismissal. His complaint contains only a conclusory statement that he "exhaust[ed] all his administrative remedies." (Compl. ¶ 61.) This statement comes in the context of Malekpour's efforts to resolve his workplace grievances, not in pursuing any claim for injury caused by negligence. The

allegations do not show any facts showing Malekpour filed a Standard Form 95 or equivalent. The government has provided a declaration from the FTCA claims handler stating that the government has received no administrative complaint from Malekpour, which appears to confirm the absent allegations. (Dkt. No. 21 at 2.) There is also no allegation Malekpour made a demand for a sum certain, as there is only passing reference to a request for medical expenses, not the $200,000 Plaintiff now asserts in his response brief. (Compare Compl. ¶ 61 with Response at 8.) The Court finds that Plaintiff has not exhausted his claims and DISMISSES the claims for lack of subject matter jurisdiction.

C.   <u>Civil Rights Claims</u>

To the extent Malekpour pursues a claim of unlawful discrimination in violation of federal civil rights laws, the Court is unable to discern any viable claim against either defendant. The Court is aware that Malekpour has stated he is not pursuing claims under Title VII for employment discrimination. Yet his other allegations suggest he is attempting to pursue a claim of discrimination. At present, any such claim is inadequately pleaded to understand what laws he invokes and what facts show that there was a violation of those laws. Lacking certainty as to the scope or nature of Malekpour's civil rights claim, the Court DISMISSES any such claim without prejudice. If Malekpour wishes to allege any claims under specific civil rights laws of the United States, he must amend his complaint to identify what laws those are and how the conduct alleged violates those laws. Any amended pleading must be filed within 25 days of entry of this order.

**Conclusion**

The Court GRANTS both motions to dismiss. Malekpour's claims against NAPCA fail to allege a claim of negligence, as he has not identified a duty NAPCA owes to him to control

1 the work environment. Malekpour's FTCA claim against the EPA for negligence cannot proceed because he has failed to exhaust his administrative remedies. To the extent Malekpour asserts a civil rights claim against NAPCA and the EPA, the Court DISMISSES it. The Court cannot discern what type of claim it is and what facts support such a claim. Plaintiff is granted 25 days from entry of this order to file any amended complaint. If he does not, the case will be terminated.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 11th day of June, 2012.

Marsha J. Pechman
United States District Judge