UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GHOLAMREZA MALEKPOUR,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY and NAPCA,<br><br>Defendants. | CASE NO. C11-2143 MJP<br><br>ORDER GRANTING MOTIONS TO DISMISS AMENDED COMPLAINT |

THIS MATTER comes before the Court on Defendant National Asian Pacific Center on Aging (NAPCA)'s motion to dismiss (Dkt. No. 30) and Defendant Environmental Protection Agency (EPA)'s motion to dismiss Plaintiff's amended complaint (Dkt. No 31). Having considered the motions, responses, replies and all related documents, the Court GRANTS both motions and dismisses the claims against EPA and NAPCA.

**Background**

Plaintiff Gholamreza Malekpour is a 76 year-old aerospace engineer who provided technical assistance to the EPA under the Senior Environmental Employee (SEE) Program.

1  (Dkt. No. 27.) SEE authorized the EPA to enter into a cooperative agreement with NAPCA
2  where NAPCA could help place those over the age of fifty-five with the EPA to provide
3  technical assistance on projects for pollution prevention, abatement, and control. (Id.)
4       Malekpour sued the EPA and NAPCA for failing to provide a safe workplace and for a
5  civil rights claim based on discrimination. (Dkt. No. 27.) He brings his claims under the Federal
6  Tort Claims Act (FTCA) and Title VII of the Civil Rights Act of 1964, 29 C.F.R. 1614.101(b).
7  Malekpour previously filed a very similar complaint, alleging essentially identical claims under
8  the FTCA, and vaguely alluding to the claims under the Civil Rights Act. (Dkt. No. 1 at 27-30.)
9  Malekpour's previous FTCA claims were dismissed, as were his civil rights claims to the extent
10 they were alleged, with leave to file an amended complaint. (Dkt. No. 26 at 9.) Although his new
11 complaint explicitly states that he is bringing a Civil Rights claim and provides some new
12 documentation as to the process he went though with the EPA and NAPCA to address his
13 concerns before bringing his case to court, the new complaint does not bring forth unique facts.

14                         **Discussion/Analysis**

15   *A. Standard*

16      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
17 accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556
18 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is
19 plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable
20 inference that the defendant is liable for the conduct alleged." Iqbal, 556 U.S. at 678 (citing
21 Twombly, 550 U.S. at 545) (further noting that plausibility lies somewhere between allegations
22 that are "merely consistent" with liability and a "probability requirement"); see also Moss v.
23 United States Secret Serv., 572 F.3d 962, 969 (9th Cir.2009) ("In sum, for a complaint to survive
24 a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Iqbal at 1949).

*B. NAPCA's Motion to Dismiss*

The allegations of negligence under the FTCA against NAPCA were previously dismissed for failure to show NAPCA maintained control over Malekpour's working environment. (Dkt. No. 26 at 5.) Malekpour brings no new facts to indicate there should be a different outcome for his amended complaint. To be liable for failure to provide a safe working environment, there must be evidence that NAPCA retained sufficient control over Malekpour's working conditions at the EPA. Id. A demonstration of control has not been made and the FTCA claim against NAPCA is DISMISSED.

Malekpour's Title VII claim must also fail because he does not allege sufficient facts to show that NAPCA was his employer or that NAPCA discriminated against him. The plain language of the statute and relevant case law make clear that a viable Title VII claim requires some employment relationship. *See*, Walters v. Metropolitan Education Enterprises, Inc. 519 U.S. 202 (1997). As acknowledged in the prior dismissal (Dkt. No. 26 at 5) and not contradicted by the amended complaint or related documents, Malekpour was not an employee of NAPCA. The Title VII claim against NAPCA is DISMISSED.

*C. EPA's Motion to Dismiss*

The FTCA claim against the EPA is dismissed for the same reason it was dismissed in the original complaint: failure to demonstrate exhaustion of administrative remedies resulting in lack of subject matter jurisdiction in this Court. (Dkt. No. 26 at 7, 8.) While Malekpour does bring a more detailed explanation of his process of approaching EPA management about his concerns in the response to this motion (Dkt. No. 33), the meetings he had and complaints he raised do not appear to have been predicated on the notion that a tort claim might be brought. The encounters

Malekpour describes appear to have expressed a discrimination based problem, and they did not give the notice required under the FTCA. The FTCA claims against the EPA are DISMISSED for lack of subject matter jurisdiction.

The Title VII claim against the EPA is dismissed for failure to state a claim. Malekpour was granted leave to file a new complaint alleging the civil rights claim because his original complaint alluded to but did not adequately plead a claim under Title VII (Dkt. No. 26 at 8). This defect is not cured in his second complaint. (Dkt. No. 27.) Malekpour's amended complaint remains focused on the FTCA action, and gives only cursory and conclusory mention of Title VII. (Dkt. No. 27 at 14.) Plaintiff fails to allege any specific discrimination. Because no Title VII claim is adequately pleaded, the allegation is DISMISSED.

**Conclusion**

Malekpour's amended complaint fails to cure the deficiencies of his original complaint. NAPCA still cannot be held liable under the FTCA or Title VII because it did not control Malkepour's work environment and was not his employer. The amended complaint does not demonstrate that administrative remedies were exhausted, depriving this Court of subject matter jurisdiction over the FTCA claim against the EPA. The amended complaint does not articulate a plausible Title VII claim. Defendant NAPCA and Defendant EPA's motions to dismiss are GRANTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 1st day of November, 2012.

Marsha J. Pechman
Chief United States District Judge